UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. HUNG QUOC BUI Defendant. | 3:10-cr-0099-LRH-VPC<br><br>ORDER |

Before the court is defendant Hung Quoc Bui's ("Bui") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #42.[1]

**I.    Facts and Procedural History**

On August 25, 2010, Bui was charged with three courts of access device fraud in violation of 18 U.S.C. § 1029(a)(2), and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Doc. #1. On June 3, 2011, Bui pled guilty to all six counts without the benefit of a plea agreement. Doc. #20. Subsequently, on October 25, 2011, Bui was sentenced to seventy-eight (78) months incarceration. Doc. #29.

Bui appealed his sentence (Doc. #30) and on December 12, 2012, the Ninth Circuit affirmed both his conviction and sentence (Doc. #39). Thereafter, Bui filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #42.

---

[1] Refers to the court's docket number.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI. To establish ineffective assistance of counsel, a petitioner must show that his or her counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments. *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*.

**III.    Discussion**

In his motion for relief under § 2255, Bui contends that his counsel was constitutionally ineffective for three separate reasons: (1) counsel failed to properly advise him of the elements of aggravated identity theft; (2) counsel failed to advise him as to the mandatory consecutive sentence for aggravated identity theft; and (3) counsel failed to offer sufficient mitigating factors at sentencing. *See* Doc. #47. The court shall address each challenge below.

///

### A. Elements of Aggravated Identity Theft

In his motion for post-conviction relief, Bui claims that his counsel never advised him that in order to be guilty for a charge of aggravated identity theft under 18 U.S.C. § 1028A he had to know that the identity used was that of a real person. Bui asserts that had his counsel properly advised him as to this element, he would not have plead guilty. *See* Doc. #47.

The court has reviewed the documents and pleadings on file in this matter and finds that the record does not support Bui's claim that he was not advised of the elements of aggravated identity theft. Rather, the detailed record in this action establishes that Bui was fully appraised and advised of all the essential elements of aggravated identity theft including the element of using another person's identify.

In particular, at his change of plea hearing the court carefully explained the elements of aggravated identify theft as follows: "[t]he other offenses with which you are charged are three counts of aggravated identity theft. There are two elements which make up the offense of aggravated identity theft. And I want to make sure that you understand each one. The first one is that the defendant knowingly used, without lawful authority, a means of identification of another person. The second element is that the defendant uses the means of identification of another person during and in relation to the crime of access device fraud as you have been charged in Counts One through Three of the indictment." Doc. # 45, p. 10-11. After identifying and explaining these elements, the court asked if Bui understood both elements of aggravated identify theft to which he answered "[y]es, your honor." Doc. #45, p.11. Further, Bui responded affirmatively that he understood that by pleading guilty to the charges of aggravated identity theft then he was also necessarily admitting that he violated those same elements. *Id*. Thus, his argument that he was not advised about the essential elements of aggravated identify theft are not consistent with and are refuted by his own testimony at the plea hearing.  Based on this record, the court finds that Bui was fully advised of the essential elements of aggravated identity theft.

///

### B. Mandatory Consecutive Sentence

Bui also contends that his counsel failed to advise him of both the mandatory and consecutive nature of a sentence for aggravated identity theft. *See* Doc. #42. However, once again, the record does not support Bui's claim. At the plea hearing, the court specifically advised Bui regarding the possible sentence for aggravated identity theft and asked Bui if he understood that the "penalty for that offense is a mandatory two-year term, which must run consecutively to any prison time [received for] the offense of access device fraud" to which Bui answered "[y]es, your honor." Doc. #45, p. 12. Further, the court explained to Bui that "because there are three counts charging [him] with aggravated identity theft, that [he] could receive three two-year mandatory consecutive sentences which would follow the offense of access device fraud and could result in a maximum of six more years in prison." *Id*. Finally, the court asked if Bui understood "that if you plead guilty to each one of these six offenses, that it is possible that the maximum prison time you could receive in prison could be as long as 36 years" to which he responded "[y]es, your honor." *Id*. Thus, based on the entire canvas, the court finds that Bui was fully advised of the two year mandatory consecutive sentence for each charge of aggravated identity theft prior to entering his plea of guilty.

### C. Sentencing

In his final argument, Bui alleges that his counsel was constitutionally ineffective by failing to provide sufficient mitigating evidence to the court at sentencing. In particular, Bui argues that his substance abuse, criminal background, remorse, and his minor role in the crimes should have been addressed more sufficiently and at length at his sentencing. Bui contends that as a result of his counsel's failure to raise these arguments he is serving a longer sentence than he would otherwise be serving.

The court has reviewed Bui's claim and finds that it is without merit. First, Bui's claims are insufficient on their face to support a finding of ineffective assistance of counsel because his counsel filed an eleven page sentencing memorandum which addressed several of these arguments along with additional arguments addressing the sentencing factors identified in Section 3553. *See*

Doc. #25. Second, the court notes that Bui is serving a sentence which the court found is sufficient but not greater than necessary for the six offenses to which he pled guilty. Bui's sentence was issued by the court in accordance with the sentencing guidelines and the Section 3553 factors after the court fully considered Bui's sentencing memorandum, the arguments of his counsel at the sentencing hearing, Bui's criminal and personal history, as well as facts set forth within the Presentence Report concerning Bui. Moreover, the court would not have granted a shorter sentence or departed from the guidelines based on the identified arguments he contends his counsel did not present to the court. Therefore, the court finds that Bui's counsel was not constitutionally ineffective at sentencing. Accordingly the court shall deny Bui's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #42) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE